OPINION
{¶ 1} Christie Mastache ("mother") appeals the August 4, 2006 Judgment Entry, and the August 4, 2006 Findings of Fact and Conclusions of Law entered by the Stark County Court of Common Pleas, Family Court Division, which terminated her parental rights, privileges and obligations with respect to her minor daughter. Appellee is the Stark County Department of Job and Family Services ("the department").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 2, 2005, the department filed a complaint alleging Katelyn Mastache (DOB 7/31/05) was a dependant and neglected child, and seeking temporary custody of the girl. The department based the complaint upon mother's failure to comply with case plan services in a prior action, which resulted in permanent custody of her three other children being granted to the department. Following a shelter care hearing, the trial court placed Katelyn in the temporary custody of the department. On August 31, 2005, mother stipulated, and the trial court found, Katelyn to be a dependent child. The trial court continued temporary custody with the department.
 {¶ 3} The trial court approved and adopted mother's case plan which included a psychological evaluation; substance abuse treatment; stable and appropriate housing and employment; parenting classes; and establishing paternity. Mother completed an evaluation at Melymbrosia. The evaluator recommended counseling for drug and alcohol abuse. While the case was pending, mother gave birth to another daughter. Mother tested positive for cocaine, and left the hospital against medical advice. Mother completed an assessment at Quest Recovery, but her case was closed as a result of noncompliance. As a result of mother's testing positive for cocaine at the birth of her most recent child, she was arrested for violating parole of a January 8, 2002 conviction for child endangering. Mother attended parenting classes at Goodwill, but only received a certificate of attendance as the instructors felt she was just going through the motions and she had significant absences from class. Mother did not establish paternity. Mother obtained and maintained employment until February, 2006, when she simply quit her job. Mother was evicted from her home the day after her arrest on the parole violation. Mother attended the Coleman Mental Health Center for counseling and psychiatric needs, but the department had not received any reports regarding her progress or attendance.
 {¶ 4} The department filed a Motion for Permanent Custody on February 16, 2006. The trial court conducted a hearing on June 19, 2006. Amy Craig, the ongoing family service worker assigned to the case, testified in detail regarding the requirements of mother's case plan and her progress thereon. Mother also testified, acknowledging she lost permanent custody of three children due to her drug usage and she used cocaine on at least two occasions while the instant action was pending. Mother stated her intent to continue counseling, which she was receiving while incarcerated, upon her release in July, 2006. Mother also added she would return to working on her case plan.
 {¶ 5} The trial court proceeded to the best interest portion of the hearing. The department again called Amy Craig. Craig testified Katelyn, who was born July 31, 2005, did not have any significant or developmental delays. Katelyn is currently in a foster home, where she has been since she was two days old. The foster parents wish to adopt the child. Initially, Craig observed a bond between mother and Katelyn. As time went on, mother's visits became shorter. She often left if Katelyn fell asleep. Prior
to mother's incarceration, Craig noticed, on several occasions, mother appeared to be sleeping while the baby was sleeping. Katelyn has asthma and reflux, which require medication and careful monitoring.
 {¶ 6} Via Findings of Fact and Conclusion of Law filed August 4, 2006, the trial court found Katelyn can not or should not be placed with mother in the foreseeable future, and it was in Katelyn's best interest to grant permanent custody to the department. Via Judgment Entry also filed August 4, 2006, the trial court terminated mother's parental rights, privileges and obligations, and granted permanent custody of Katelyn to the department.
 {¶ 7} It is from this judgment entry and the trial court's findings of fact and conclusions of law mother appeals, raising the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF KATELYN MASTACHE TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT REASONABLE EFFORTS TO ASSIST THE PARENT TO COMPLETE THE CASE PLAN AND THAT THE DEPARTMENT USED REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 9} "II. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF KATELYN MASTACHE TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 10} "III. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF KATELYN MASTACHE TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 11} This appeal is expedited and is being considered pursuant to App. R. 11.2(C).
 I {¶ 12} In her first assignment of error, mother challenges the trial court's determination the department used reasonable efforts to assist mother in completing the case plan and reasonable efforts to prevent the removal of Katelyn.
 {¶ 13} Pursuant to R.C. 2151.419, the agency which removed the child from the home must have made reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the home, or make it possible for the child to return home safely. The statute assigns the burden of proof to the agency to demonstrate it has made reasonable efforts.
 {¶ 14} The department implemented a comprehensive reunification plan to assist mother in remedying the problems which caused Katelyn to be removed. The case plan addressed mother's need to find and maintain stable housing and employment, to obtain substance abuse and mental health treatment, and to seek assistance with parenting skills. The department had given mother a similar case plan with respect to her three older children. Mother did not complete that case plan. The trial court found the agency had made all reasonable, diligent efforts and had worked with mother during the first involvement and during the instant action with no significant improvement.
 {¶ 15} When a trial court is considering whether the agency made reasonable efforts to prevent the removal, the issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute. In re Brewer (Feb. 12, 1996), Belmont App. No. 94-B-28, 1996 WL 65939, at 3; In re Davidson-Rush, 5th Dist. No. 2006 CA 00121, 2006-Ohio-4873 at ¶ 50. "In determining whether reasonable efforts were made, the child's health and safety shall be paramount." R.C. 2151.419(A)(1).
 {¶ 16} We have reviewed the record, and find it is replete with evidence to establish, although mother worked on her case plan, she made no progress toward alleviating the core concerns despite the agency's reasonable efforts to reunify the family.
 {¶ 17} Mother's first assignment of error is overruled.
 II {¶ 18} In her second assignment of error, mother maintains the trial court's finding Katelyn cannot or should not be placed with mother was against the manifest weight and sufficiency of the evidence.
 {¶ 19} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 20} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court must schedule a hearing, and provide notice, upon filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.
 {¶ 21} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned and the parents cannot be located; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 22} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.
 {¶ 23} If the child is not abandoned or orphaned, then the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R .C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.
 {¶ 24} As set forth in the Statement of Case and Facts, supra, Amy Craig, the ongoing family case worker with the department, testified mother had made little progress on her case plan. Although mother attended Goodwill parenting classes, mother's participation only merited a certificate of attendance, meaning mother was only going through the motions and had significant absences. Mother continued to use drugs despite the fact her substance abuse was a major factor in her losing custody of three other children in 2002. While this matter involving Katelyn was pending, mother tested positive for cocaine at the birth of her fifth child. Mother was evicted from her home. In March, 2006, mother was incarcerated on a parole violation, and was incarcerated at the time of the hearing. The underlying conviction was child endangering, involving one of Katelyn's siblings.
 {¶ 25} Based upon the foregoing, and the entire record in this matter, we find the trial court's finding Katelyn cannot or should not be placed with mother was not against the manifest weight or sufficiency of the evidence.
 {¶ 26} Mother's second assignment of error is overruled.
 III {¶ 27} In her third assignment of error, mother contends the trial court's finding the best interest of Katelyn would be served by granting permanent custody to the department was against the manifest weight and sufficiency of the evidence.
 {¶ 28} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 29} The record reveals Katelyn has two medical conditions which require careful monitoring and the administration of daily prescription medications. Craig expressed concerns regarding mother's ability to handle these conditions as she could not manage her case plan. Katelyn's foster parents are willing to ensure Katelyn's medical needs are met, including giving her daily breathing treatments. Craig noted the foster family wishes to adopt Katelyn, and the girl is doing well.
 {¶ 30} Based upon the foregoing, and the entire record in this matter, we find the trial court's determination it was in the best interest of Katelyn to grant permanent custody to the department was not against the manifest weight or sufficiency of the evidence.
 {¶ 31} Mother's third assignment of error is overruled.
 {¶ 32} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs are assessed to appellant.